# Bowen *v.* Penn. Coal Co.

## *Injury in Mine.*

(Decided January 23, 1913.   60 South. 835.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where no proof was offered to sustain pleas of contributory negligence the plaintiff was not injured by the overruling of demurrers to such pleas.

2. *Mines and Minerals; Statutory Regulations; Compliance; Evidence.*—Where the action was by a coal mining contractor for injury caused by a rock falling from the entry roof his evidence examined and held to show that the defendant supplied the mine with sufficient props as required by law and that hence plaintiff was not entitled to recover under his complaint.

APPEAL from Walker Law & Equity Court.

Heard before Hon. T. L. SOWELL.

Action by R. E. Bowen, against Pennsylvania Coal Company for damages for injuries alleged to have been sustained by a rock falling upon him, for want of sufficient props, while he was performing a contract in said mine. Judgment for the defendant and plaintiff appeals. Affirmed.

LEETH & GUNN, for appellant. The duty owed under the complaint was a statutory duty.—Section 1021, Code of 1907. Plea 2 was bad and demurrer should have been sustained.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 521; *Tutwiler C. & C. Co. v. Farrington,* 144 Ala. 157. On these authorities the demurrer should have been sustained to pleas 3, 4, 8 and 10. Pleas 11, C. and D. were bad and subject to the demurrer.—*Pratt C. C. Co. v. Davidson,* 55 South. 886; 55 N. E. 131; 61 N. E. 225. The court erred in directing the verdict for the defendant.—*Foley v. Pioneer M. & M. Co.,* 144 Ala. 182; *Pratt C. C. Co. v. Davidson, supra; B'ham M. & C. Co. v. Shelton,* 149 Ala. 465; *Alteriac v. West Pratt C. Co.,* 161 Ala. 435; 25 Cyc. 2209; 95 N. Y. Supp. 1; *Knowles' Case,* 129 Ala. 410; 60 N. E. 105.

BANKHEAD & BANKHEAD, for appellee. No error intervened in the ruling on the pleas and if error did intervene it was harmless as no proof was offered to support the pleas, the case having been submitted on the plaintiff's evidence alone. The plaintiff's own evidence demonstrated a full compliance with the statutory regulation and the court properly directed a verdict for the defendant.

MAYFIELD, J.—Plaintiff, appellant here, and another were engaged by the appellee coal company to drive a certain entry and air course, in a coal mine, for the purpose of shortening the line of haulage or trammage and to better ventilate its mine. They were employed, not as ordinary laborers, by the day, week, month, or year, but were paid so much per yard ($2.75) for the heading, and per ton (55 cents) for the coal taken out in driving the heading, and per yard ($1) for the air course. If brushing had to be done—that is,

taking off loose rock from the top of the entry—they received $1.50 for that; and they received $1 per day for pulling out the waste material and dumping it. They employed their own help, and worked as they saw proper, save of course, that they conformed to the lines and dimensions prescribed by the engineers of the coal company. They had driven these entries something like a hundred feet in length, when some rock fell upon the plaintiff from the roof of the entry, injuring him. The plaintiff sought to recover damages from the coal company on account of his injuries, because of its failure to furnish sufficient props. There is no allegation, in either of the two counts on which the case was tried, that there was any special contract or agreement to furnish props for this particular purpose or contract; but each count relies solely upon the defendant's breach of the duty enjoined by section 1021 of the Code, in that it failed "to keep a sufficient supply of props, or other timber used in said mines, to prop the roof of said mine." To the counts the defendant pleaded the general issue, and special pleas of contributory negligence. The trial resulted in a verdict and judgment for defendant, after the court had given the affirmative instruction for the defendant.

The first errors assigned and insisted upon go to the rulings of the trial court in overruling demurrers to the pleas of contributory negligence. It is unnecessary to consider these rulings, for the reason that no proof was introduced or offered in support of the pleas.

In fact, the defendant offered no proof, but requested and obtained the affirmative charge on the plaintiff's own evidence, and which we find to be correct. The action resting solely upon the breach of the statutory duty alleged, of course the plaintiff was required to prove it; and as to this he not only failed in his proof, but prov-

ed the contrary—that the defendant had supplied its mine with sufficient props or timber with which to prop the roof. It is true that there is evidence that props were demanded, and none were. furnished. or placed at the mouth of this particular entry where the plaintiff desired and looked for them to be placed; but this was not the allegation relied upon, and this the statute does not require, certainly not that part of the statute relied upon in these counts.

If the plaintiff had set up a breach of a duty growing out of his special contract, or had alleged a breach of some other duty created by the statute, there might be said to be some evidence to support his cause of action; but the only breach of duty alleged was general, that quoted above, which was created by the statute. As to this duty to keep a sufficient supply of props and other timber on hand with which to prop the roof of the mine, the plaintiff's own evidence shows that this was complied with by the defendant, and that such props and timber were kept in stock by it at the time of the injury. The only trouble was that they were not as convenient for the plaintiff as he desired them to be. While there might have been a duty on the defendant to place these props more conveniently for the plaintiff, this was not the duty that was alleged to have to have been breached.

One Perry, a witness for plaintiff, testified as follows as to the props: "I was working in No. 1 entry at the time the plaintiff was hurt. I was probably a couple of hundred feet from him at the time he was hurt. I don't know whether they had any timber at the place where Mr. Bowen was working or not. We had plenty of timbers where I was working. That was a different opening from where Mr. Bowen was at work. I heard some complaint from some of the men in the mine

about not having timbers. At the place where I was working we had timbers of various lengths from 5½ feet down to 3 feet."

One Jetton, another witness for plaintiff, testified: "I had been working for Banks and Bowen in the place where Mr. Bowen was hurt. I was not working with them at the time he was hurt. Banks and Bowen had charge of the entry they were working. I don't remember exactly how far this entry was from the little Pratt seam. It is 30 or 40 feet, and probably more. There were some timbers in the air course. I had used some timbers in the air course. I had to use a good many cap bears to make them do. That was at the Pratt opening 30 or 40 feet up the hill. * * * The only way to get the timbers in there was to tote them. The company didn't furnish any way to get them in there. We had to carry them in from the opening. The only way to get them from one mine to another was to tote them."

There was no testimony whatever that the coal company did not keep on hand a sufficient supply of props or timber. The only tendency of any of the proof was to show that no props were placed at the mouth of this particular entry, and no such duty was alleged. No particular contract was relied upon or sued upon. If any such there was, for aught we can know it required *the plaintiff* to place the props at the mouth of the entry or failed to require the defendant to so place them.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.